UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON MUSARRA DAVIS,

                      Plaintiff,

    v.                                                  Case No. 18-cv-940-pp

CORRECT CARE SOLUTIONS,

                      Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 23) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 28)**

Aaron Musarra Davis, a prisoner who is representing himself, filed a complaint alleging that the defendant violated his constitutional rights when he was confined at the Waukesha County Jail. Magistrate Judge William Duffin screened the plaintiff's amended complaint and allowed the plaintiff to proceed on a claim that the defendant acted with deliberate indifference to his serious medical needs because its policy prevented him from getting the medication he needed, resulting in pain and bleeding from his rectum. Dkt. No. 12 at 2-3. On November 13, 2018, the clerk's office reassigned the case to this court because all the parties had not consented to the magistrate judge's authority to decide it. On March 11, 2019, the defendant filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. No. 23. A week later, the plaintiff a motion to appoint counsel. Dkt. No. 28.

The defendant has asked the court to either dismiss the case or require the plaintiff to respond to discovery requests (including signing an authorization for the release of his relevant medical and mental health records)

1

by a date certain. Dkt. No. 23 at 1. The defendant says that it has tried to obtain discovery from the plaintiff, but has been unsuccessful. Id. Specifically, the defendant says that on December 20, 2018, it served its First Set of Discovery on the plaintiff, which included interrogatories, requests for production of documents and thirteen authorizations for the plaintiff to sign and return so that the defendant could obtain certified copies of the plaintiff's relevant correctional and private medical records and records related to prescription medication he was receiving before, during and after his incarceration. Id. at 2. The defendant states that on February 4, 2019, it followed up with a letter to the plaintiff discussing its outstanding discovery and requesting immediate responses. Id. at 3. The plaintiff responded with a February 9, 2019 letter directing the defendant to contact a private attorney "seemingly to discuss the outstanding discovery." Id. Counsel for the defendant contacted the attorney, who explained that his office had not yet agreed to take the case. Id.

The defendant states that it corresponded with the plaintiff on February 19 and informed him that the attorney had not been retained to represent him. Id. The defendant asked the plaintiff to provide notification if he hired an attorney and asked the plaintiff to provide discovery responses and executed authorizations for release of the plaintiff's relevant medical records. Id. The defendant says that the plaintiff responded with a letter, explaining his attempts to contact an attorney to complete discovery, but not providing the executed authorizations. Id.

The defendant asserts that the complaint attacks its medical policies and its employees' professional judgment. Id. The defendant also says that without information about the plaintiff's confinement, health issues and medical

records memorializing his correctional treatment history, it can't defend itself. Id. at 3-4. The defendant asks the court to either dismiss the case, or to set a reasonable deadline by which the plaintiff must provide the defendant with access to his jail or medical records. Id. at 4.

On March 18, 2019, the court received a letter from the plaintiff, who was writing to "explain why the first discovery had not been completed and asking if [the court] may a) not dismiss the case and b) provide [him] with an attorney." Dkt. No. 28. The plaintiff states that he has been trying to find an attorney for the last few months. Id. He explains that he cannot fill out the first discovery himself because he does not have the information available to him at the prison and he did not want to go off memory and then "lie" and have the case dismissed over something as trivial as bad memory. Id. The plaintiff asks the court not to dismiss the case and to appoint him an attorney. Id.

A defendant may move to dismiss the case or any claim against it if the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b). The defendant has asked the court to dismiss the case because the plaintiff hasn't responded to its discovery requests. Dismissal is an extreme sanction for a plaintiff's failure to respond to discovery, and there are less extreme options for the defendant to obtain the discovery it seeks. The defendant can file a motion to compel under Rule 37, for example. Nor is it clear that the plaintiff has "fail[ed] to prosecute" the case, in the language of Rule 41(b). The plaintiff has been in communication with the defendant, and with the court; he has not abandoned his case. The court will deny the motion to dismiss.

The plaintiff should be able to respond to the defendant's discovery demands. The defendant indicates that it has served the plaintiff with three

3

kinds of discovery request—interrogatories, requests for production of documents and blank release forms for him to sign. The interrogatories are simply questions. They don't require the plaintiff to provide any documents. The plaintiff needs only to answer the questions to the best of his ability. As to the requests for production of documents, the plaintiff should provide the documents he has that are responsive to the requests. If he doesn't have certain documents requested by the defendant, he can say so. Finally, the plaintiff does not need any information to sign releases. The releases are nothing more than permission forms to allow various places to give the defendant access to the plaintiff's private records. By filing this lawsuit, the plaintiff has raised issues about what happened to him in prison and about his medical conditions. He can't raise those issues, and then refuse to give the defendants access to the records that show what happened to him in prison and his medical conditions. All he needs to do is sign the authorization forms and return them to the defendant's lawyer. The court will set a deadline by which the plaintiff must comply with the defendant's discovery demands.

On November 14, 2018, the court issued a scheduling order. It set a deadline of March 15, 2019 for the parties to complete their discovery. That deadline has passed. The court will set a new deadline for the parties to complete discovery, as well as a new deadline for filing dispositive motions. The court reminds the plaintiff that he may conduct discovery, if he chooses—he may send questions to the defendant (interrogatories) and ask the defendant for documents (requests for production of documents). He should send these requests directly to the defendant's lawyer; he should not file them with the court. He must send the requests in time to give the defendant at least thirty days to provide him with responses.

The court will not get involved in the discovery process unless a party fails to respond to interrogatories or requests for production of documents. If that happens, the party who asked for the discovery may file a motion with the court, asking it to compel the other side to respond, but a party can file a motion to compel only after conferring or trying to confer with the party failing to make disclosure or discovery. A person cannot file a motion to compel unless that person first tries to work things out with the other side, and any motion to compel should describe these efforts. See Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

Turning to the plaintiff's request for counsel: in a civil case, the court has the discretion to recruit counsel for individuals unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the plaintiff must make reasonable efforts to hire counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). To show the court that he has tried to find a lawyer on his own, the court requires a plaintiff to contact at least three attorneys, and to provide the court with (1) the attorneys' names, (2) their addresses, (3) the date and the way the plaintiff attempted to contact them, and (4) the attorneys' responses (what they said).

After the plaintiff demonstrates that he has made a reasonable attempt to find an attorney on his own, the court will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

5

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff says that he has attempted to find an attorney on his own. He has provided the court with the names of two attorneys and one law firm he has contacted. The court finds that the plaintiff has made a reasonable attempt to find an attorney on his own. But the court will not appoint a lawyer for the plaintiff right now. His claim is not complicated, and he knows what happened to him and is able to explain it. As the court has discussed above, he can answer the interrogatories—the questions—the defendant has asked him, he can sign the authorizations to release records and he can give the defendant copies of whatever documents he does have. If, later in the case, it becomes too complicated for the plaintiff to handle on his own, he can renew his motion to appoint a lawyer.

The court **DENIES** the defendant's motion to dismiss for failure to prosecute. Dkt. No. 23.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 28.

The court **ORDERS** that the parties must serve all requests for discovery by a date sufficiently early so that discovery is completed no later than **August 30, 2019** (that means that the parties must serve their requests at least thirty days *before* the deadline to allow the opposing party sufficient time under the rules to respond by the deadline.) Parties should serve discovery requests on the opposing parties, and must not file them with the court.

The court **ORDERS** that parties may file motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure and Civil Local Rule 7) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56), together with supporting materials, no later than **September 30, 2019**. A party opposing a motion for summary judgment must file a response "**within 30 days of service of the motion**." Civil Local Rule 56(b)(2) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 15th day of May, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**