UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON MUSARRA DAVIS,

                    Plaintiff,

          v.                                    Case No. 18-cv-940-pp

CORRECT CARE SOLUTIONS,

                    Defendant.

---

**ORDER REQUIRING PLAINTIFF EITHER TO SHOW CAUSE FOR HIS
FAILURE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT OR TO RESPOND TO THAT MOTION AND GRANTING MOTION
TO RESTRICT DOCUMENT (DKT. NO. 38)**

---

On May 15, 2019, the defendant filed a motion for summary judgment.
Dkt. No. 35. The plaintiff's opposition brief and supporting documents were
due on June 14, 2019. See Civil L.R. 56(b)(2) (E.D. Wis.). As of the date of this
order, the court has not received a response from the plaintiff. On June 24,
2019, the defendant filed a reply brief requesting that the court grant its
motion for summary judgment and dismiss this case with prejudice. Dkt. No.
42 at 3.

When the plaintiff filed his case over a year ago, he was in custody at
Dodge Correctional Institution. Dkt. No. 1. The court screened the original
complaint. Dkt. No. 10. The plaintiff filed an amended complaint; by that time,
he was in the Oneida County Jail. Dkt. No. 11 at 1. The court screened the
amended complaint, dkt. no. 12, the defendant answered the amended
complaint, dkt. no. 17, and the court issued a scheduling order, dkt. no. 19.

Five days after the court issued its scheduling order, the court received notice from the plaintiff that he had been moved to the Fox Lake Correctional Institution. Dkt. No. 20.

Two weeks later, the court received from the plaintiff a "response" to the defendant's affirmative defenses. Dkt. No. 21. Along with that document, he filed a cover letter, advising the court that he was going to be searching for a lawyer to help him through the "legal quagmire" that he found himself in. Dkt. No. 21-1. He ended the letter by asking to be allowed to attempt to find a lawyer. Id. The court did not respond to this letter—the court received it on December 3, 2018, and the deadline for the parties to complete discovery was not until March 15, 2019. The plaintiff had over three months to try to find a lawyer to help him.

On March 11, 2019, the defendant asked the court to dismiss the case because the plaintiff had not responded to its discovery demands. Dkt. No. 23. In the alternative, the defendant asked the court to set a deadline by which the plaintiff had to respond to those demands. Id. A week later, the plaintiff filed a motion asking the court to appoint a lawyer to represent him. Dkt. No. 28. He indicated that he couldn't respond to the discovery demands because he didn't have the information necessary to do so. He said he'd been trying to get a lawyer to represent him (he mentioned the particular lawyer), but said that he had not gotten a response from that lawyer. He asked the court not to dismiss his case, but to give him a lawyer. Id. He advised the court that he was going to be released soon and provided an address for his mail. Id. Finally, he attached

a letter from one lawyer, indicating that that firm could not represent the plaintiff. Id. at 2.

The court, in response to the defendant's request, extended the discovery deadline to April 26, 2019. Dkt. No. 27. On May 15, 2019, the court denied the plaintiff's motion to appoint counsel—explaining why it was doing so—but it extended the discovery deadline to August 30, 2019 and the summary judgment deadline to September 30, 2019. Dkt. No. 34. The court issued that order at about 9:30 a.m.; at 2:30 p.m. that day the defendant filed its motion for summary judgment. Dkt. No. 35.

The plaintiff was released from prison on March 26, 2019. https://appsdoc.wi.gov/lop/detail.do. The court has been using the mailing address he provided. Perhaps the plaintiff has not responded to the summary judgment motion because, given the court's May 15, 2019 order extending deadlines, he thought he didn't have to respond until the fall of 2019. Perhaps he hasn't responded because, as he's told the court, without a lawyer, he isn't sure what to do. The court does not know. The court hasn't heard anything from the plaintiff since May 1, 2019—two months ago.

The court will give the plaintiff the opportunity to either explain why he has not responded to the defendant's summary judgment motion, or to file his opposition response. If the court does not receive either an explanation or the actual response by the date the court sets below, the court the court will conclude that the plaintiff doesn't want to continue with the case, and will dismiss it without prejudice and without further notice to the plaintiff. See Civil

L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.")

On the same day that the defendant filed its motion for summary judgment, it also filed a motion to restrict a document pursuant to Local Rule 79(d), because it contains private medical information. Dkt. No. 38. The court will grant that motion.

The court **ORDERS** that by the end of the day on **July 22, 2019**, the plaintiff must file either an explanation of why he has not responded to the defendant's motion for summary judgment, or his actual response. The court **ORDERS** that the plaintiff must file one or the other of these documents in time for the court to *receive* it by the end of the day on July 22, 2019. If the court does not receive one or the other of those documents by the end of the day on July 22, 2019, the court will dismiss this case without prejudice based on the plaintiff's failure to diligently pursue it.

The court **GRANTS** the defendant's motion to restrict document. Dkt. No. 38. The court **ORDERS** that the Clerk of Court shall restrict the document at Dkt. No. 39-1 to viewing by the court and the parties.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**